UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| In re: § | | Chapter 11 |
| § | | |
| **THE LYONS COMPANIES, LLC** § | | Case No. 24-30684 |
| § | | BAP Case No.248024 |
| **DEBTOR** § | | Judge Joan A. Lloyd |
| § | | |

## APPELLANT'S STATEMENT OF ISSUES TO BE RAISED ON APPEAL

### A. BACKGROUND

Whittington Home Improvement, LLC, ("Whittington"), by its undersigned counsel, pursuant to Fed. R. Bankr. P. 8009(a)(1), hereby files its Statement of Issues to be raised on Appeal.

This appeal ensued as a result of the Chapter 11 Bankruptcy Petition filed by the Debtor on March 15, 2024. The Debtor "The Lyons Companies, LLC" was a custom metal fabrication business which had been in business for more than 50 years at the time the bankruptcy was filed. (Declaration of Steven Hufft, Docket No. 3, para. 5) Shortly after the Petition was filed, Debtor's counsel announced, at a Critical Vendor Hearing on April 23, 2024, that Debtor intended to conduct a sale of substantially all of Debtor's assets. Later that same day, at the first 341 Meeting of Creditors, the Debtor's CEO, Mr. Steven Hufft, was questioned extensively by counsel for Whittington about when Debtor knew his company was insolvent. Amazingly, Debtor's CEO stated he did not know his Company was

1

bankrupt until March 15, 2024 (the day the Chapter 11 Petition was filed). (See Docket No. 213, Exhibit-3 thereto)

On May 14, 2024, during a Hearing, the Bankruptcy Court approved bidding procedures for the proposed 363 Sale. On June 24, 2024, Debtor (via counsel) conducted a 363 auction. (See Docket No. 153) On June 27, 2024, the Court held a Hearing on whether the 363 sale should be approved by the Court. During the Hearing, the Creditors' Committee and Appellant Whittington objected to the Sale being allowed. Simmons Bank, creditors with executory contracts which were affirmed by Debtor, and two 503(b)(9) Creditors were the only parties who stood to benefit from the Sale, despite the fact that Unsecured Creditors had supplied more than $9 Million in "Goods and Services" in the months leading up to the Chapter 11 filing. (See Docket No. 152, Objection of Official Committee of Unsecured Creditors to Motion to Sell Substantially All of Debtor's Assets   The Debtor maintained, during the pendency of the Chapter 11 case, that it did not know it was bankrupt until the day the Debtor filed for Chapter 11. (Docket No. 213, Objection of Whittington to Debtor's 9019 Motion; Exhibit -3, Transcript of April 23, 2024 341 Meeting of Creditors)

On July 19, 2024, the 363 Sale closed. (See Docket No. 196) After the 363 Sale closed and the new purchaser, Fenco Solutions, took over Debtor's operations on or about July 19, 2024, Debtor completely changed its prior position (that it did not know it was insolvent until March 15, 2024). (See Docket No. 195, Debtor's Motion to Approve Settlement Agreement and Release with Simmons

2

Bank under Bankruptcy Rule 9019)  Indeed, less than 2 weeks after the 363 Sale closed, the Debtor's CEO, Mr. Steven Hufft, filed a 9019 Motion which alleged, for the first time, that Simmons Bank knew or should have known for years prior to the Bankruptcy, that the Debtor was in financial distress and would not be able to repay its loans and line of credit with Simmons Bank. (Docket No. 195, Debtor's 9019 Motion)  The Creditors' Committee (Docket No. 208), the U.S. Trustee (Docket No.212), and Whittington (Docket No. 213) all filed Objections to Debtor's 9019 Motion and Settlement Agreement)  The Debtor filed a Reply to the three Objections filed. (See Docket No. 216)  The Reply also contained a Declaration by Steven Hufft which alleged Debtor had to sell its business because the administrative costs of the Chapter 11 case were not sustainable.  Importantly, Steven Hufft did not attend the September 3, 2024 Hearing on the 9019 Motion and could, therefore, not be examined

On September 3, 2024, the Bankruptcy Court conducted a hearing on the proposed Settlement Agreement between Debtor and Simmons Bank.  At the Hearing, the Court initially indicated there were factual issues present which prevented the Court from Granting the 9019 Motion and Settlement Agreement. Both Appellant Whittington, the U.S. Trustee, and the Creditors' Committee had previously filed written Objections opposing the 9019 Motion and Settlement Agreement.  The Creditors' Committee, United States Trustee and Appellant, via counsel, appeared at the Hearing and opposed the 9019 Motion and Settlement Agreement.

3

Counsel for Whittington informed the Court that Mr. Whittington was "chomping at the bit" to testify, but the Court chose not to take testimony from Mr. Whittington. Whittington's counsel advised the Court the Settlement Agreement was far too broad and contained language that would bar Whittington from bringing claims against The Lyons Companies' Professionals, such as accountants, auditors, and Simmons Bank. Counsel for Whittington also stated the Debtor was months behind in filing his Monthly Operating Reports. During the 9019 Hearing, Mr. Whittington did seek permission to speak at the Hearing and Mr. Whittington stated his position - that the Debtor's Motion should be Denied because, among other things, the Debtor was not in compliance with its income reporting obligations via Monthly Operating Reports. Mr. Whittington further advised the Court that he did not believe all the 363 Sale proceeds belonged exclusively to Simmons Bank and Mr. Whittington advised the Court that he would be happy to have his counsel Brief the issue for the Court. The Court did allow Mr. Whittington to speak but ultimately determined that it was going to Grant Debtor's 9019 Motion and Settlement Agreement.

On September 4, 2024, the Bankruptcy Court Entered an Order Granting Debtor's 9019 Motion and approved the Settlement Agreement between Debtor and Simmons Bank. (See, Docket No. 224) On September 10, 2024, Debtor, via counsel, filed a Motion to Convert the case from a Chapter 11 to a Chapter 7 case. (See Docket No. 228, Debtor's Motion To Convert, and Proposed Order). The Bankruptcy Court Granted Debtor's Motion to Convert one day after

it was filed, on September 11, 2024. (Docket No. 229) The Chapter 7 Trustee, Hon. Stephen Barnes, filed a 9024 Motion to Amend the Conversion Order on September 18, 2024. (Docket No. 233) On September 18, 2024, Appellant Whittington Home Improvement filed a 9023 Motion to Alter, Amend, or Vacate the Court's Order of September 4, 2024. (Docket No. 234) On September 24, 2024, the Court held a Hearing on Whittington's 9023 Motion and indicated it was going to Deny Whittington's 2023 Motion. The Court Entered its Order Denying Whittington's 2023 Motion on September 25, 2024. (See Docket No. 245, Order Denying Whittington's 9023 Motion). The Court Granted the Chapter 7 Trustee's Motion to Amend the Conversion Order on September 25, 2024. (Docket 244) This Appeal ensued.

## B. ISSUES PRESENTED FOR REVIEW

1. Did the Bankruptcy Court abuse it's discretion when it Granted Debtor's 9019 Motion and Approved a Settlement Agreement between Debtor and Debtor's Secured Lender, Simmons Bank?

2. Did the Bankruptcy Court comply with its duty to make particularized Findings of Fact and Conclusions of Law when it Granted Debtor's 9019 Motion and Settlement Agreement, without any of the monies owed by Debtor to Whittington being paid to Whittington as part of the Settlement Agreement ?

3. Did the Bankruptcy Court abuse its discretion by failing to require the Debtor to establish, by a preponderance of evidence, that causes of action listed

5

by Debtor against the Debtor's accounting firm and Debtor's Enterprise Resource Planning (ERP) software manufacturer, were untenable prior to allowing Debtor to enter into a Settlement Agreement that depleted Debtor's Bankruptcy Estate of any assets to pay Unsecured Creditors?

4.   Did the Bankruptcy Court abuse its discretion by not appointing an Examiner, on its own Motion and pursuant to 11 U.S.C. Section 1104, once the Court acknowledged, at an April 23, 2024 Hearing, that the Debtor had a huge Inventory write-down due to a miscounting of Inventory that was material to the case (the missing Inventory issue was raised again by Whittington's counsel to the Court during a Hearing on May 14, 2024)?

5.   Did the Bankruptcy Court abuse its discretion and commit reversable error by Granting Debtor's Motion to Convert a Chapter 11 case to a Chapter 7 case without appointing an Examiner, even though Debtor failed to file its Monthly Operating Reports for June, July, and August 2024 and deposited millions of dollars in two separate business bank accounts from cash receivables during this period? (There was also evidence presented by Whittington that Debtor had attempted to obstruct Whittington's investigation by refusing to answer relevant and proper questions during 341 Meetings)

6.   Did the Bankruptcy Court abuse its discretion and commit reversable error when the Court held, as a matter of law, that all the 363 Sale proceeds were the property of the Debtor's Lender, Simmons Bank?

6

### APPELLANT'S DESIGNATION OF RECORD ON APPEAL

Whittington Home Improvement, LLC ("Whittington"), by its undersigned counsel, pursuant to Fed. R. Bankr. P. 8009(a)(1)(B) hereby makes its Designation of the Record on Appeal.

| Bankruptcy Docket Number | Date Entered in the Bankruptcy Docket | Brief Description of the Document Or Transcript |
|---|---|---|
|  | On Order From Court Reporter | Transcript of March 19, 2024 Hearing |
| Per BR 5007and BR 9017 |  | Audio recording of March 19, 2024 Hearing |
|  | On Order From Court Reporter | Transcript of April 23, 2024 Hearing |
| Per BR 5007 and BR 9017 |  | Audio recording of April 23, 2004 Hearing |
|  | On Order From Court Reporter | Transcript of May 14, 2024 Hearing |
| Per BR 5007 and BR 9017 |  | Audio recording of May 14, 2024 Hearing |
| Docket No. 170 | On Order From Court Reporter | Transcript of June 27, 2024 Hearing |
| Per BR 5007 and BR 9017 |  | Audio recording of June 27, 2024 Hearing |
|  | On Order From Court Reporter | Transcript of September 3, 2024 Hearing |
| Per BR 5007 and BR 9017 |  | Audio recording of September 3, 2024 Hearing |
|  | On Order From Court Reporter | Transcript of September 24, 2024 Hearing |
| Per BR 5007and BR 9017 |  | Audio recording of September 24, 2024 Hearing |
| Docket No. 1 | 3/15/24 | Voluntary Petition for Non-Individuals For Filing Bankruptcy |
| Docket No. 3 | 3/15/24 | Declaration Under Penalty of Perjury For Non-Individuals |

| Docket No. 6 | 3/15/24 | Motion of the Debtor And Debtor In Possession For Entry An Order (1) Approving The Continued Use Of The Debtor's Cash Management System |
|---|---|---|
| Docket No. 6-1 | 3/15/24 | Exhibit A – Bank Account List |
| Docket No. 6-2 | 3/15/24 | Proposed Order |
| Docket No. 13 | 3/15/24 | Exhibit To Cash Collateral Motion regarding Docket No.7 (Attachment #1 Exhibit -A, 6 Week Cash Plan) |
| Docket No: 16 | 3/18/24 | Objection By U.S. Trustee To First Day Motion Of The Debtor And Debtor In Possession For Order Approving The Continued Use Of Debtor's Cash Management System |
| Docket No. 54 | 3/29/24 | Debtor's Schedules A/B,D,E/F,G, H, Statement of Financial Affairs |
| Docket No. 92 | 5/1/24 | Debtor In Possession, March 2024 Monthly Operating Report |
| Docket No. 94 | 5/3/24 | Amended Schedules Statement of Financial Affairs |
| Docket No. 94-1 | 5/3/24 | Exhibit A – Amended Statement of Financial Affairs |
| Docket No. 122 | 5/24/24 | Debtor In Possession, April 2024 Monthly Operating Report |
| Docket No. 158 | 6/26/24 | Debtor In Possession, May 2024 Monthly Operating Report |
| Docket No. 195 | 8/2/24 | Debtor's 9019 Motion |
| Docket No. 195-1 | 8/2/24 | Attachment No. 1 – Proposed Settlement Agreement |
| Docket No. 195-2 | 8/2/24 | Proposed Order |
| Docket No. 196 | 8/5/24 | Notice of Closing of the sale of substantially all of the assets of the Lyons Companies LLC |
| Docket No. 213 | 8/27/24 | Whittington's Objection to 9019 Motion |
| Docket No. 213-1 | 8/27/24 | Attachment 1, Exhibit 1, Emails and Invoices |

| | | |
|---|---|---|
| **Docket No. 213-2** | 8/27/24 | Emails from Walls to Reynolds |
| **Docket No. 213-3** | 8/27/24 | April 23, 2024 Unofficial Transcript of 341 Meeting |
| **Docket No. 212** | 8/27/24 | Objection by United States Trustee to Motion to Approve Settlement Agreement and Release with Simmons Bank under Rule 9019 |
| **Docket No. 208** | 8/23/24 | Objection to Debtor's Motion to Approve Settlement Agreement and Release with Simmons Bank under Rule 9019 filed by the Official Committee of Unsecured Creditors |
| **Docket No. 224** | 9/4/24 | Order Granting Motion for Settlement Agreement |
| **Docket No. 228** | 9/10/24 | Motion to Convert Case to Chapter 7 from Chapter 11 |
| **Docket No. 229** | 9/11/24 | Order Granting Motion to Convert Case to Chapter 7 from Chapter 11 |
| **Docket No. 230** | 9/11/24 | Notice of Conversion to Chapter 7 |
| **Docket No. 232** | 9/14/24 | Notice of Conversion |
| **Docket No. 233** | 9/18/24 | Chapter 7 Trustee's 2024 Motion to Amend Order of Conversion and Notice of Conversion |
| **Docket No. 234** | 9/18/24 | Whittington's Motion to Reconsider Order Granting Motion for Settlement Agreement |
| **Docket No. 234-1** | 9/18/24 | Proposed Order |
| **Docket No. 235** | 9/20/24 | Notice of Hearing |
| **Docket No. 237** | 9/20/24 | Emergency Motion to Expedite Hearing on Moti0n for Reconsideration and Simmons Bank Objection to Whittington's Motion for Reconsideration |
| **Docket No.238** | 9/20/24 | Order Granting Motion to Expedite Hearing on Motion to Reconsider |
| **Docket No. 241** | 9/23/24 | Whittington's Objection to Motion to Amend Order Converting and Notice of Conversion |
| **Docket No. 242** | 9/24/24 | Whittington Reply to Emergency Motion to Expedite Hearing on Motion for Reconsideration and Simmons Bank |

|  |  |  |
|---|---|---|
|  |  | Objection of Motion for Reconsideration |
| **Docket No. 242-1** | 9/24/24 | Declaration of Kris Whittington |
| **Docket No. 242-2** | 9/24/24 | Exhibit 2 Transcript of May 21, 2024 341 Hearing |
| **Docket No. 242-3** | 9/24/24 | Transcript July 31k 2024 341 Meeting |
| **Docket No. 242-4** | 9/24/24 | Transcript August 27, 2024 341 Meeting |
| **Docket No. 242-5** | 9/24/24 | Debtor's Second Motion for Extension of Time to Comply with the Court's Order Granting Motion of Debtor and Debtor in Possession for Entry of an Order Approving Debtor's Continued Use of the Debtor's Cash Management System |
| **Docket No. 242-6** | 9/24/24 | Amended Order Granting Debtor's Second Motion for Extension of Time to Comply with the Court's Order Granting Motion of Debtor and Debtor in Possession for Entry of an Order Approving Debtor's Continued Use of the Debtor's Cash Management System |
| **Docket 242-7** | 9/24/24 | 3/15/24 Declaration of Steven Hufft |
| **Docket 242-8** | 9/24/24 | That's Why Its called a Pyramid Scheme |
| **Docket 242-9** | 9/24/24 | Official Form 207 Statement of Financial Affairs |
| **Docket 242-10** | 9/24/24 | Journal of Accountancy Defending Third Party Audit Claims |
| **Docket No. 245** | 9/25/24 | Order Denying Whittington's Motion to Reconsider |
| **Docket No. 248** | 9/25/24 | Order Granting Chapter 7 Trustee's Motion to Amend |
| **Docket No. 216** | 8/30/24 | Debtors Reply In Support of Debtors 9019 Motion And Settlement Agreement |
| **Docket No. 86** | 4/26/24 | Final Order Granting Motion To Use Cash Collateral |
| **Docket No. 182** | 7/16/24 | Order Granting Second Motion For Extension Of Time |

| | | |
|---|---|---|
| **Docket No. 149** | 6/24/24 | Motion to Extend Exclusivity Period for Filing A Chapter 11 Plan |
| **Docket No. 183** | 7/17/24 | |
| **No Docket Number** | As of 10/23/24 | Claim's Summary for Case No: 24-30684 In Re The Lyons Companies, LLC |
| **Claim No. 64** | 7/8/24 | Claim of Whittington Home Improvement, LLC In the Amount of $208,578.00 |

Respectfully Submitted,

/s/ Wm. Stephen Reisz

Wm Stephen Reisz

Tilford, Dobbins & Schmidt, PLLC
401 W. Main St., Ste 1400
Louisville, KY 40202
Telephone:(502)584-1000
E-mail: SReisz@TilfordLaw.com
Counsel for Whittington Home Improvement, LLC

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Statement of Issues Presented and Designation of Record was on October 23, 2024 mailed electronically through the US Bankruptcy Court's ECF system at the electronic addresses set forth in the ECF system to all other parties receiving electronic notifications in this case.

/s/ Wm. Stephen Reisz
Wm. Stephen Reisz