**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| The Lyon Companies, LLC | ) Case No. 24-30684-jal |
| | ) |
| Debtor. | ) Honorable Joan A. Lloyd |
| | ) |

**AGREED ORDER REGARDING APPLICATIONS FOR COMPENSATION**
**OF DEBTOR-IN-POSSESSION'S COUNSEL**
**DENTONS BINGHAM GREENEBAUM LLP**

Dentons Bingham Greenebaum LLP ("Dentons"), former counsel for The Lyons Companies, LLC, the debtor (the "Debtor") prior to conversion of the bankruptcy case from a chapter 11 to a case under chapter 7, and Stephen Barnes, not individually, but solely in his limited capacity as the trustee (the "Chapter 7 Trustee") for the chapter 7 bankruptcy estate of the Debtor, have reached an agreement regarding the amount awarded in the Court's *Order Granting Final Application of Dentons Bingham Greenebaum LLP for Allowance of Compensation and Reimbursement of Expenses as Debtor's Former Counsel for the Period From August 1, 2024 Through to and Including September 23, 2024* [Docket No. 286] (the "Final Fee Application Order"). The parties agree to the following:

1. On March 15, 2024 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Western District of Kentucky (the "Bankruptcy Court"). Initially, the Debtor operated its business and managed its affairs as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

24386629.v1

2. On June 24, 2024, the Debtor's professionals conducted an auction among qualified bidders for a sale of substantially all of the Debtor's assets (the "Sale"). At the conclusion of the auction, a successful bidder was identified.

3. On June 27, 2024, the Court convened a hearing to consider the Sale and objections made thereto.

4. On July 8, 2024, the Court entered the *Order (A) Approving Sale of Debtor's Assets, (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* (the "Sale Order").

5. On July 19, 2024, the Sale closed and a notice of closing of the Sale was filed soon thereafter on August 5, 2024. [Docket No. 196.]

6. On August 2, 2024, the Debtor, by and through counsel, filed its *Motion of the Debtor and Debtor-in-Possession for Entry of an Order Approving Settlement Agreement and Release with Simmons Bank under Bankruptcy Rule 9019* [Docket No. 195] (the "Settlement Agreement Motion") and attached the proposed settlement agreement (the "Settlement Agreement"). There were several objections to the Settlement Agreement Motion [Docket Nos. 208, 212, 213] and the motion and objections were set for a hearing before the Bankruptcy Court.

7. On August 8, 2024, Dentons filed its *Second Interim Application for Compensation and Reimbursement of Expenses of Dentons Bingham Greenebaum LLP as Counsel for The Debtor, and Debtor in Possession for the Period From May 1, 2024 Through to and Including July 31, 2024* [Docket No. 199] (the "Second Interim Fee Application"). On August 28, 2024, Dentons filed an amended order for the Second Interim Fee Application, reducing its fees as requested by the United States Trustee. [Docket No. 215.]

8. On September 3, 2024, the Court convened a hearing on the Settlement Agreement Motion and parties were to tender an order by September 24, 2024. The Debtor filed a new proposed order on September 3, 2024. [Docket No. 222.]

9. On September 4, 2024, the Court granted the Second Interim Fee Application, allowing Dentons compensation in the amount of $183,717.00 in fees and $1,150.28 in expenses ($184,867.28 total). [Docket No. 223.] Prior to September 4, 2024, Dentons was already holding the proceeds from the Sale from which Dentons' Second Interim Fee Application fees and expenses were paid. Once the fees and expenses from the Second Interim Fee Application were approved, the Debtor's funds were allowed to be applied to Debtor's retained counsel Dentons.

10. Later, also on September 4, 2024, the Court entered an order granting the Settlement Agreement Motion [Docket No. 224] (the "Settlement Agreement Order").

11. The Settlement Agreement provided that senior lender Simmons Bank carved out the Debtor's "Remaining Assets"[1] for the benefit of the Bankruptcy Estate, free and clear of the Simmons Bank's liens and any liens junior to Simmons Bank. The Settlement Agreement contained specific carve-outs (the "Carve-Outs") from these Remaining Assets for various purposes, including professionals' fees. The Carve-Outs included, among other things, $225,000 earmarked for professional fees and expenses of the Debtor's Counsel and Accountants, detailed in the following paragraph:

> The actual unpaid fees and expenses, up to $225,000 earned by the Debtor's retained counsel and/or accountants, which shall not be reduced by any fees or expenses already paid by the Debtor to the Debtor's retained counsel and/or accountants during the pendency of the Bankruptcy Case prior to the Effective Date of this Agreement;

---

[1] - The Remaining Assets included, but were not limited to, remaining cash, the sales proceeds, deposits, refunds, unsold assets, and causes of action.

24386629.v1

[Docket No. 195-1, Section 5(b)].

12. The Settlement Agreement provides that if any of the listed obligations are less than the Carve-Out figures, then the Debtor (now Chapter 7 Trustee) may use the unused remaining Carve Out Amounts at its discretion, subject to the Bankruptcy Code and Orders of this Court.

13. The case was converted to Chapter 7 on September 11, 2024, and Stephen Barnes was appointed to serve as Chapter 7 Trustee on September 12, 2024. The deadline for Chapter 11 administrative professionals to submit applications for compensation expired thirty days after the September 11, 2024 Conversion Date. *See* [Doc. 229, Section 5].

14. On October 2 2024, Dentons filed its *Final Application of Dentons Bingham Greenebaum LLP for Allowance of Compensation and Reimbursement of Expenses as Debtor's Former Counsel for the Period from August 1, 2024 Through to and Including September 23, 2024* [Docket No. 262] (the "Final Fee Application"), requesting total compensation of $55,895, consisting of fees in the amount of $55,880.00 and expenses of $15.00, which was awarded on October 24, 2024 [Docket No. 286]

15. The Debtor did not retain accountants. The Employment Order authorizing the Debtor to retain state court litigation Counsel Dinsmore & Shohl authorized Dinsmore to be paid solely from the Debtor's insurance coverage, and not from Estate assets or the Carve Outs. [Docket No. 203, Section 3]. The deadline for Chapter 11 professionals to submit fee applications has expired. Accordingly, other than the Debtor's retained counsel Dentons, there are no retained counsel or accountants of the Debtor that could be entitled to assert a claim against the $225,000 Carve Out.

16. Because the sales proceeds which were the source of Dentons' Second Interim Fee Application were held by Dentons prior to the Effective Date of the Settlement Agreement Order,

4

the Dentons Second Interim Fee Application was deemed already paid prior to the Effective Date. Thus, the earlier disbursement of $184,867.28 in connection with the Second Interim Fee Application did not reduce the $225,000 Carve-Out in the Debtor's Counsel/ Debtor's Accountants paragraph of the Settlement Agreement, and $169,105 remains unused.

IT IS HEREBY ORDERED:

        A.    The earlier disbursement of $184,867.28 in connection with the Second Interim Fee Application did not reduce the $225,000 Carve-Out within the Settlement Agreement. After the Chapter 7 Trustee's disbursement of the $55,895.00 awarded in the Order sustaining Dentons' Final Fee Application, $169,105 remains unused from the $225,000 Carved Out for Debtor's Counsel/ Debtor's Accountants in the Settlement Agreement. Pursuant to the Settlement Agreement these remaining funds may be used at the discretion of the Chapter 7 Trustee for the benefit of the Bankruptcy Estate, subject to the Bankruptcy Code and further Orders of this Court.

        B.    The Chapter 7 Trustee is hereby authorized to disburse the fees[2] to Dentons from the Final Fee Application totaling $55,880.00.

        C.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

---

[2] - The Chapter 7 Trustee has already disbursed the $15 expense award.

5

24386629.v1

| Tendered by: | Seen and Agreed to by: |
|---|---|
| /s/ *April A. Wimberg* | /s/ *Stephen Barnes* |
| April A. Wimberg | Stephen Barnes, Chapter 7 Trustee |
| James R. Irving | KY Bar Id No. 89762 |
| Ashley A. Brown | 163 East Main Street, Suite 200 |
| Dentons Bingham Greenebaum LLP | Lexington, KY 40588-1598 |
| 3500 PNC Tower | Telephone: (859) 225-4714 |
| 101 South Fifth Street | Email:    sbarnes@kentuckytrustee.com |
| Louisville, KY 40202 | |
| Telephone: (502) 587-3719 | Chapter 7 Trustee |
| Email: april.wimberg@dentons.com | |
|          james.irving@dentons.com | |
|          ashley.brown@dentons.com | |
| | |
| Counsel for the Debtor | |